IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

LAN TRI NGO,                                    §
                                               §
          *Petitioner*,                        §
                                               §
v.                                             §
                                               §          CIVIL ACTION NO. 9:26-CV-00074
                                               §          JUDGE MICHAEL J. TRUNCALE
KRISTI NOEM, in her official capacity as       §
Secretary of the Department of Homeland        §
Security; TODD LYONS, in his official          §
capacity as Acting Director of Immigration and §
Customs Enforcement; MARCOS CHARLES,           §
in his official capacity as Acting Director of §
ICE Enforcement and Removal Operations         §
PAMELA J. BONDI, in her official capacity as   §
Attorney General of the United States; and     §
ALEXANDER SANCHEZ, in his official             §
capacity as Warden of the IAH Secure Adult     §
Detention Center,                              §
                                               §
          *Respondents*.                       §

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Lan Tri Ngo (Ngo)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Lan Tri Ngo is a Vietnamese national who entered the United States on a refugee visa in 1994. *See* [Dkt. 8 at 1]. From 1996 until 2004, Ngo held legal-permanent-resident status. However, after being convicted of theft by deception, Ngo lost his legal resident status and was ordered removed from the United States. However, he was provisionally released under an order of supervision, which remained in effect until 2025. *Id.* On December 22, 2025, United States Immigration and Customs Enforcement ("ICE") detained Ngo and revoked his order of supervision. *Id.*

On February 3, 2026, Ngo brought a habeas corpus petition. [Dkt. 1]. He claims to be detained in violation of federal law because he is detained indefinitely with no reasonable possibility of removal

in the foreseeable future. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Post-Removal Detention

Because Ngo has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). When Ngo filed his petition, he had been detained for only three months. *See* [Dkt. 4 at 4]. Accordingly, his challenge is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

## IV. CONCLUSION

It is therefore **ORDERED** that Ngo's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of April, 2026.**

Michael J. Truncale
United States District Judge